UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CR63 AGF(SPM) |
| | ) | |
| GEORGE ELI BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The Defendant, who is proceeding *pro se* with assistance of standby counsel, has filed a motion to compel discovery (Doc. 28), a motion for Power of the Court in preparing an unhampered defense (Doc. 34), and a motion to dismiss the indictment on speedy trial grounds (Doc. 49). The United States has filed responses opposing each of Defendant's motions. (Doc. 33, 42, & 52). The motions have been fully briefed by the parties and are ready for a ruling.

A. **Motion to Compel Discovery (Doc. 28)**

Defendant has filed a motion to compel seeking disclosure of the following: internal policies of the DEA and Sikeston Department of Public Safety related to the selection, approval, and use of confidential informants and the Grand Jury transcript of testimony by a witness other than the defendant. Fed. R. Crim. P. 16 requires the government to permit the defendant to inspect, copy or photograph any (i) relevant written or recorded statements made by the defendant within the possession, custody, or control of the government, the existence of which is

known or by the exercise of due diligence may become known to the attorney for the government; (ii) that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; (iii) any recorded testimony of the defendant before a grand jury which relates to the offense charged; (iv) such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government; (v) any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant; and (vi) any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are in the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense, or are intended for use by the government as evidence in chief at trial.

  Rule 16 expressly exempts from disclosure or inspection statements made by prospective government witnesses except as provided in 18 U.S.C. §3500 (prohibiting disclosure of the statement of a government witness until after the witness has testified). Rule 16 also exempts from disclosure a grand jury's recorded proceedings except as expressly provided elsewhere in the rules.

A careful review of the record, including the government's previously filed Rule 12(b)(4) disclosure (Doc. 14) reveals that the government has previously complied with disclosure requirements of Fed. R. Crim. P. 16 by producing (or agreeing to produce), among other things, Defendant's recorded statement to the Sikeston Department of Public Safety; crimes/incident reports concerning a March 14, 2015 traffic stop and search warrant; a March 15, 2015 probable cause affidavit; a search warrant, application, affidavit and return relating to a search of Defendant's residence; email correspondence relating to Defendant's supervised release status; items seized following the traffic stop of Defendant and seized from Defendant's residence; photographs taken following the traffic stop and following execution of the search warrant at Defendant's residence and a waiver of rights signed by Defendant.

Defendant's request for disclosure of Grand Jury testimony of an individual, who has not been identified as a government's witness, at this early stage of the proceedings, exceeds the scope of permitted discovery under Rule 16. In its response, the government recognized its obligation to disclose items to Defendant, such as the Grand Jury transcript of a witness's testimony, if it becomes discoverable because, for example, a witness is going to testify about the subject matter of their grand jury testimony. In the absence of that eventuality, Defendant has failed to demonstrate why he is entitled to copies of the Grand Jury testimony of individuals other than himself.

Defendant's request for disclosure of internal policies of the DEA and Sikeston Department of Public Safety related to the selection, approval, and use of confidential informants also exceeds the scope of disclosures required under Rule 16. Defendant's assertion that these documents are "relevant" is not a basis for ordering their disclosure and defendant has presented

the Court with no facts or legal authority that would warrant an order compelling their disclosure in this case.

For the foregoing reasons, Defendant's motion to compel will be denied.

**B. Motion For Power Of The Court In Preparing An Unhampered Defense (Doc. 34)**

Defendant has also filed a *pro se* motion entitled Motion for Power of the Court in Preparing an Unhampered Defense which the undersigned has construed as a motion for adequate access to legal resources or, in the alternative, for pretrial release. A careful review of Defendant's motion and the record in this case reveals that Defendant raised identical issues in a separate motion entitled "Motion to Revoke or Amend Magistrate's Pretrial Detention Order," which was directed to United States District Judge Audrey G. Fleissig. (Doc. 38). Judge Fleissig denied Defendant's Motion to Revoke after a *de novo* review of the detention order and after considering arguments made by Defendant that are identical to the arguments raised in the instant motion for Power of the Court. (Doc. 47). Because Judge Fleissig has previously addressed the arguments raised here, the undersigned will deny the motion, as moot.

**C. Motion to Dismiss the Indictment On Speedy Trial Grounds (Doc. 49)**

Defendant has moved to dismiss the indictment on grounds that (1) the indictment in this case was not returned and delivered to the court in violation of Fed. R. Crim. P. 6(f), and (2) the indictment was not filed within 30 days of his arrest, as is required by the Speedy Trial Act, Title 18 U.S.C. §§3161(b) and 3162(a)(1). A review of Defendant's motion, the government's response opposing the motion, and Defendant's reply in support of his motion, makes clear that none of the material facts are in dispute. As such, the undersigned finds no basis for conducting an evidentiary hearing and will decide the motion on the parties' written submissions. After a careful review of the parties' written submissions and the record as a whole, the undersigned

recommends that Defendant's motion to dismiss the indictment be denied because, for the reasons set out below, it is unsupported by the evidence of record or the law.

With respect to Defendant's argument that Rule 6(f) was violated, this Court's records demonstrate that, as required by Rule 6(f), the indictment was returned in open court by the foreperson of the Grand Jury to a magistrate judge. Specifically, on May 21, 2015, the Foreperson of the Grand Jury returned the indictment to Magistrate Judge Abbie Crites Leoni. *See* (ECF. No. 2). As such, even if dismissal were an appropriate sanction for an alleged violation of Rule 6(f), which the undersigned questions, Defendant's argument fails because the record before the Court does not support a finding that there was a violation of Rule 6(f).

Defendant further contends that dismissal is warranted under the Speedy Trial Act, 18 U.S.C. §3162(a)(1) because (a) the indictment was filed more than thirty days after his March 14, 2015, arrest on state charges and (b) no indictment was filed following his arrest for the instant federal charges on June 2, 2015.

Defendant's arrest on state charges did not trigger the provisions of the Speedy Trial Act. A "state arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Beede,* 974 F.2d 948, 950 (8th Cir. 1992). Only a federal arrest can trigger the federal trial clock. Here, Defendant was indicted on federal charges on May 21, 2015, and arrested for the charges contained in the indictment on June 2, 2015. As such, the time limits established under the Speedy Trial Act were not triggered before Defendant's arrest on June 2, 2015.

Defendant's argument that the indictment should be dismissed under section 3162(a)(1) of the Speedy Trial Act fails because section 3162(a) applies to persons arrested without an indictment. Defendant is not such a person. There is no dispute that when Defendant was

recommends that Defendant's motion to dismiss the indictment be denied because, for the reasons set out below, it is unsupported by the evidence of record or the law.

With respect to Defendant's argument that Rule 6(f) was violated, this Court's records demonstrate that, as required by Rule 6(f), the indictment was returned in open court by the foreperson of the Grand Jury to a magistrate judge. Specifically, on May 21, 2015, the Foreperson of the Grand Jury returned the indictment to Magistrate Judge Abbie Crites Leoni. *See* (ECF. No. 2). As such, even if dismissal were an appropriate sanction for an alleged violation of Rule 6(f), which the undersigned questions, Defendant's argument fails because the record before the Court does not support a finding that there was a violation of Rule 6(f).

Defendant further contends that dismissal is warranted under the Speedy Trial Act, 18 U.S.C. §3162(a)(1) because (a) the indictment was filed more than thirty days after his March 14, 2015, arrest on state charges and (b) no indictment was filed following his arrest for the instant federal charges on June 2, 2015.

Defendant's arrest on state charges did not trigger the provisions of the Speedy Trial Act. A "state arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Beede,* 974 F.2d 948, 950 (8th Cir. 1992). Only a federal arrest can trigger the federal trial clock. Here, Defendant was indicted on federal charges on May 21, 2015, and arrested for the charges contained in the indictment on June 2, 2015. As such, the time limits established under the Speedy Trial Act were not triggered before Defendant's arrest on June 2, 2015.

Defendant's argument that the indictment should be dismissed under section 3162(a)(1) of the Speedy Trial Act fails because section 3162(a) applies to persons arrested without an indictment. Defendant is not such a person. There is no dispute that when Defendant was

arrested on June 2, 2015, it was pursuant to an arrest warrant issued on the federal indictment at issue in this case. As such, the provisions of section 3162(a) do not apply.

For all of the foregoing reasons, Defendant's motion to dismiss the indictment should be denied.

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that Defendant's motion to compel pursuant to Rule 16 of the Federal Rules of Criminal Procedure (Doc. 28) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for Power of the Court in Preparing Unhampered Defense (Doc. 34) be **DENIED**, as moot.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment for Speedy Trial Violation (Doc. 49) be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case has been set on **October 19, 2015** at **9:00 A.M.** before the Honorable Audrey G. Fleissig.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th Day of August, 2015.