UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15CR63 RLW |
| ) | |
| GEORGE ELI BROWN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge Shirley Mensah (ECF No. 117). Defendant Brown filed a Motion to Suppress Physical Evidence (ECF No. 90) and a supplement to his Motion to Suppress (ECF No. 91). Brown filed his Written Objections to the Magistrate's Report and Recommendation (ECF No. 119). The Government filed a Response to Defendant's Written Objections and Supplemental Objections to the Magistrate's report and Recommendation. (ECF No. 121). On May 19, 2016, Brown filed "Exhibit H" in support of his Motion to Suppress. (ECF No. 128). On May 20, 2016, Brown filed an affidavit in support of his Motion to Suppress. (ECF No. 129).

Pursuant to 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Mensah, who filed an Order and Recommendation on March 31, 2016. (ECF No. 117). Defendant Brown filed objections to the Order and Recommendation of the United States Magistrate Judge on April 26, 2016 (ECF No. 121). The Court finds that Defendant Brown's objections are not persuasive.

1

## BACKGROUND

Defendant George E. Brown was indicted by the Grand Jury and charged in two counts with possession of a controlled substance with intent to distribute. On June 5, 2015, Brown was arraigned and requested additional time in which to file pretrial motions, which was granted, and Brown was given until July 10, 2015 to file Motions. (ECF No. 9).

Ultimately, Magistrate Judge Mensah issued a report and recommendation and recommended that the Brown's pretrial motions (ECF No. 28, 34, 49) be denied. Brown filed an objection to the report and recommendation on September 3, 2015. (ECF No. 62).

On January 14, 2016, Brown filed his first motion to suppress. (ECF No. 90), followed by a supplemental motion on January 21, 2016. (ECF No. 91). A hearing was held on Brown's motion to suppress evidence on February 19, 2016. (ECF No. 102).

On March 31, 2016, the Magistrate Judge issued a report and recommendation to the District Court and recommended that Brown's Motion to Suppress be denied. (ECF No. 117). Defendant filed objections on April 14, 2016. (ECF No. 119).

On May 19, 2016, Brown filed "Exhibit H," which appears to be copies of documents related to a money transfer on March 13, 2015, from "George Brown" of Neelyville, Missouri to an individual in Mississippi. (ECF No. 128). It appears that Brown believes this individual in Mississippi is the confidential informant in the investigation against him. The Government believes that this information is being offered in support of Brown's contention that the putative informant was out of state and not being honest when the information told detectives that the informant had seen illegal drugs in Brown's home on March 14, 2015, as stated in the search warrant affidavit. (ECF No. 90 at 20).

## DISCUSSION

### A. REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the motions of Defendant Brown to suppress evidence (ECF Nos. 90, 91) be denied.

Brown objects to the Magistrate Judge's recommendations for several reasons. (ECF No. 119).[1] Brown claims that the detectives did not have reasonable suspicion to attempt to pull Brown over for driving without a valid driver's license. Likewise, Brown asserts that the search of Brown's residence was not supported by probable cause, nor oath or affirmation. Brown also claims that the Magistrate Judge unconstitutionally denied Brown the right to subpoena and call witnesses, including Judge Scott Horman of the Scott County Missouri Associate Circuit Court, who signed the relevant search warrant.

After *de novo* review of this matter, this Court adopts the Magistrate Judge's recommendations. First, the Court holds that the detectives could conduct a traffic stop of Brown based upon their reasonable suspicion that Brown's driver's license was not valid. The detectives had performed a check of the official records and determined that, as of a month prior, Brown did not have a valid driver's license. *See United States v. Sandridge*, 385 F.3d 1032, 1036 (6th Cir. 2004) (officer reasonably suspected that the defendant was driving without a valid license because the officer had run a license check on the defendant just three weeks earlier and learned that he did not have a valid license). Based upon that information, the officers had a reasonable basis to make a *de minimus* stop to verify Brown's license status. *See United States v. Caldwell*, 97 F.3d 1063, 1067 (8th Cir. 1996) (officer had a reasonable suspicion, based upon objective facts obtained from other law enforcement sources, that appellant was probably driving with a suspended driver's

---

[1] The Court does not address each and every objection raised by Brown because all of these objections were addressed by the Magistrate Judge's Report and Recommendation and the Court does not need to regurgitate every argument and reasoning addressed in the Magistrate Judge's Report and Recommendation.

3

license). The Court holds that the information relied upon in the warrant application was not stale because it was a part of an ongoing criminal investigation. *Sandridge*, 385 F.3d at 1036.

Second, the Court holds that the search of Brown's resident was conducted pursuant to a properly executed search warrant issued by Judge Horman. The Magistrate Judge determined that Judge Horman reasonably relied totally upon the affidavits when he signed the search warrant. Also, as noted by the Magistrate Judge, the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984) would apply in the event that the search warrant was found to be faulty in some respect. Further, the Court finds that, contrary to Brown's contention, he was given an opportunity to subpoena witnesses but that Brown failed to properly subpoena Judge Horman to testify.

Based upon the foregoing the Court finds no basis for suppressing the search of Brown's residence, which was performed according to a legally-obtained search warrant.

**B. Exhibit H and Brown's affidavit**

As previously indicated, "Exhibit H" appears to be copies of documents related to a money transfer on March 13, 2015, from "George Brown" of Neelyville, Missouri to an individual in Mississippi. (ECF No. 128). Brown seems to believe that this individual in Mississippi is the confidential informant in the investigation against him. Likewise, Brown's affidavit again provides argument regarding why the informant's information was untrustworthy and should not have been used to obtain a search warrant of his residence. (ECF No. 129). The Government filed its response outlining several objections to Exhibit H and Brown's affidavit.

First, the Court holds that no foundation has been laid regarding Exhibit H's authenticity. The documents do not identify "George Brown" who resides in Neelyville, Missouri, whereas defendant Brown resides in Sikeston. (ECF No. 130 at 3). Second, even if the alleged confidential informant had been in Mississippi on March 13, 2015, the informant could have

returned in time to see drugs at Brown's residence on March 14, 2015. (ECF No. 130 at 3). For those reasons, the Court finds that "Exhibit H" is not persuasive as to the Motion to Suppress.

Second the Court does not need to consider the affidavit of Brown, which was provided long after the suppression hearing was held. (ECF No. 130 at 4-5). Brown cannot now present his argument to the Court without allowing it to be challenged through cross-examination.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge Shirley Mensah (ECF No. 117) is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Motion to Suppress Physical Evidence (ECF No. 90), supplement to his Motion to Suppress (ECF No. 91) are **DENIED**.

Dated this 26th day of May, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE